

140 Grand Street, Suite 705, White Plains, New York 10601 | White Plains, NY
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com | Atlantic City, NJ

April 28, 2023

**Via Electronic Case Filing**
The Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Plaintiff shall file a response, not to exceed three pages,
by **May 5, 2023**.  So Ordered.

Dated: May 1, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *Raymond Basri v. Air99 LLC, et al.*, 23 Civ. 1170 (LGS)

Dear Judge Schofield:

We represent defendants Richard Gordon ("Gordon"), and Air99 LLC ("Air99"; together, "Defendants"), in the above-referenced action.  Pursuant to Your Honor's Individual Rules of Practice III.A.1 and III.C.2, we respectfully submit this pre-motion letter to set forth the bases for Defendants' contemplated motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2), based on this Court's lack of personal jurisdiction over Defendants.

If Defendants' motion proceeds, Defendants propose to file their motion by May 23, 2023; opposition papers of Plaintiff Raymond Basri ("Plaintiff"), would be due on June 13, 2023; and Defendants' reply papers would be due on June 27, 2023.  In addition, Defendants request that the Court stay discovery in this action until the motion is resolved.  Plaintiff consents to this briefing schedule and stay request.

**Factual Background and the Complaint**

Air99 is a limited liability company that was formed under the laws of the State of Colorado, and is located and operates in that state.  Gordon is a resident of the State of Colorado.  Plaintiff is a resident of the State of New York.  The Complaint alleges that in June 2015, "in Newport Beach, California," Plaintiff and Gordon agreed to enter into a general partnership formed by an oral agreement to develop and market a respiratory mask.  (Compl., ¶¶ 2, 14, 18, 69, 70).  In March of 2016, Gordon, along with Plaintiff and a number of other advisors, executed an "Intention to Form a Company" agreement (Compl., ¶¶ 34, 35, 92), in order to memorialize their collective intention to transfer all intellectual property rights in the respiratory mask being developed to a company to be subsequently formed (Compl., ¶ 35).  In August of 2016, Gordon formed Air99 under Colorado law, with Gordon the sole managing member of the company and all intellectual property concerning the mask owned by that entity.  (Compl., ¶ 47).  Gordon subsequently offered Plaintiff and the other advisors roles on Air99's Board of Advisors, as well as small economic, non-voting interests in the company; while the other advisors accepted, Plaintiff declined this offer, and never joined the company.  (Compl., ¶ 49).  Air99 also filed a patent application for the mask, which lists Gordon as the sole inventor.

In 2019, following a fallout between the parties, Gordon notified Plaintiff via e-mail that he was terminated from his advisory role with Air99.  (Compl., ¶¶ 63-64).  Over three years later, on February 10, 2023, Plaintiff filed the Complaint, which asserts seven claims, all based on the breach of the alleged oral partnership agreement between Gordon and Plaintiff.



The Complaint is almost completely devoid of any allegations concerning any conduct by Defendants in New York, aside from a conclusory paragraph which states: "[Plaintiff] consulted with Gordon by telephone, text daily and often multiple times per day and in person with Gordon occasionally.  These contacts were often three to five times per week, for hours at a time.  They also met in person when Gordon traveled to New York."  (Compl., ¶ 111).

## Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

On a motion made pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant.  *Penguin Grp. (USA) Inc. v. Am. Buddha,* 609 F.3d 30, 34-35 (2d Cir. 2010).  Courts may exercise either general or specific personal jurisdiction over an out-of-state defendant.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-19 (2011).  General jurisdiction "allows a court to adjudicate 'any and all' claims against a defendant, regardless of whether the claims are connected to the forum state."  *Bonkowski v. HP Hood LLC*, No. 15-CV-4956 (RRM) (PK), 2016 WL 4536868, at *2 (E.D.N.Y. Aug. 30, 2016) (quoting *Goodyear*, 564 U.S. at 919); *see Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).  Specific jurisdiction is "available when the cause of action sued upon arises out of the defendant's activities in a state."  *Id.*

In determining whether personal jurisdiction exists over an out-of-state defendant in New York, courts first look to New York's long-arm statute, N.Y. Civil Practice Law and Rules ("CPLR") §§ 301 and 302, and second, whether exercising jurisdiction under that statute comports with constitutional due process.  *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010).

First, the Complaint does not allege that general jurisdiction exists over either Air99 or Gordon, nor could it plausibly do so.  Section 301 of the CPLR allows for jurisdiction over foreign corporations that are "engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction."  *Lear v. Royal Caribbean Cruises Ltd.*, 2021 WL 1299489, at *4 (S.D.N.Y. 2021).  The relevant inquiry is whether the corporation's activities are "so continuous and systematic as to render it essentially at home in the forum State."  *Daimler v. Bauman AG,* 571 U.S. 117, 139 (2014) (internal quotation marks omitted); *id.*, 571 U.S. at 137 (holding that for a corporate defendant, the paradigm forums for general jurisdiction are "the place of incorporation and principal place of business") (internal quotation marks omitted).  Similarly, for an individual defendant, the "paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Id.* Here, Air99 was formed under Colorado law and has its principal place of business in that state, and therefore is not "essentially at home" in New York.  *See Goodyear*, 564 U.S. at 924.  Gordon is domiciled in Colorado.  As such, general jurisdiction exists over neither defendant.

Second, specific jurisdiction also does not exist over Air99 and Gordon.  Specific jurisdiction arises under CPLR § 302(a)(1) where a plaintiff sufficiently alleges that i) "the defendant . . . transacted business within the state, and ii) the claim[s] asserted . . . arise[] from that business activity."  *See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC*, 450 F.3d 100, 103 (2d Cir. 2006).  The inquiry "focuses on the relationship among the defendant, the forum, and the litigation," and "the defendant's suit-related conduct must create a substantial connection with the forum State."  *See Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016) (the relationship between the defendant and the forum must "arise out of contacts that the defendant himself creates with the forum," and the



analysis looks to the defendants' "contacts with the forum State itself, not the defendants' contacts with persons who reside there").

Under these standards, the Court lacks specific jurisdiction over both Air99 and Gordon. Indeed, although the Complaint alleges conclusorily that "defendants, directly, or through their principal, formulated, negotiated and transacted business in New York State" (Compl., ¶ 8), the actual allegations throughout the Complaint belie this assertion. In particular, the alleged oral partnership agreement between Plaintiff and Gordon was purportedly entered into in California in 2015. (Compl., ¶ 14). Moreover, the Intent to Form a Company agreement, the only written agreement that Plaintiff executed, was drafted in Colorado and provides that Colorado law governs the agreement. (Compl., ¶¶ 34-34). Similarly, the other events relevant to Plaintiff's claims, including the formation of Air99 -- which was formed under Colorado law and has always operated there -- and Plaintiff's business relationship with Gordon and that entity, all arose in Colorado or California, and not in New York.

Even though Plaintiff alleges that he "consulted with Gordon by telephone, text daily and often multiple times per day and in person with Gordon occasionally," and met with him in New York (Compl., ¶ 111), it is well-settled that such alleged communications are insufficient to establish specific jurisdiction. *See*, *e.g.*, *Maranga v. Vira*, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005) ("New York Courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York"); *see also Barrett v. Tema Development (1988), Inc.*, 251 Fed. Appx. 698, 700 (2d Cir. 2007) (holding that even though the plaintiff alleged that he had "communicated with [defendant] from New York," and had a "'conversation' with [defendant's] principal in New York 'concerning' the contract," these "barren allegations" were insufficient to establish a nexus between the communications and a breach of contract claim). Moreover, Plaintiff's claims in this action primarily arise from Defendants' breach of an alleged oral partnership agreement entered into in California in 2015, and the formation of Air99 and Plaintiff's relationship with that entity, and as such the claims do *not* arise from these alleged communications or meeting between Gordon and Plaintiff, which did not concern the existence or terms of any purported partnership. Accordingly, specific jurisdiction does not exist under CPLR § 302(a)(1).

In addition, personal jurisdiction does not exist over Defendants under CPLR § 302(a)(3), which provides for jurisdiction over a defendant that "commits a tortious act without the state causing injury to person or property within the state . . . ." However, neither Plaintiff's residence in New York, nor the fact that he alleges his injury occurred here (Compl. ¶ 8), are sufficient to establish specific jurisdiction. It is well established that the plaintiff "cannot be the only link between the defendant and the forum," and "the occurrence of financial consequences in New York due to the fortuitous location of plaintiff[] in New York is not a sufficient basis for jurisdiction under [CPLR § 302(a)(3)] where the underlying events took place outside New York." *New Markets Partners LLC v. Oppenheim*, 638 F.Supp. 2d 394, 403 (S.D.N.Y. 2009); Walden, 571 U.S. at 284. Accordingly, personal jurisdiction also does not exist over Defendants under CPLR § 302(a)(3).

For all of these reasons, Defendants respectfully request that the Court allow them to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, and stay discovery in this action pending the Court's ruling on that motion.



Respectfully Submitted,

YANKWITT LLP
*Counsel for Defendants Air99 LLC and Richard Gordon*


By:  /s/ Ross E. Morrison_____
     Ross E. Morrison, Esq.
     Connor A. Hilbie, Esq.


cc: All counsel of record (via ECF)