UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND BASRI,

                Plaintiff,

    -against-

RICHARD GORDON and AIR99 LLC,

              Defendants.

23 Civ. 1170 (JGLC)

**STIPULATION AND
PROTECTIVE ORDER**

      **WHEREAS**, Plaintiff Raymond Basri ("Plaintiff"), filed this action on or about February 12, 2023, against Defendants Richard Gordon and Air99 LLC (collectively, "Defendants," and with Plaintiff, the "Parties," and each a "Party"); and

      **WHEREAS**, Plaintiff alleges he is not in the business of developing or selling protective face masks and is not in competition with Defendants; and

      **WHEREAS**, the Parties in the above-captioned action, by and through their respective counsel, having agreed that the following terms shall govern the disclosure, handling, and use of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given or exchanged in this action, regardless of the medium or manner generated, stored or maintained (collectively, "Discovery Material"), shall be used solely for purposes of the prosecution or defense of this action and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final.  The Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as described in Paragraph 5 hereto.  The attorneys of record for the Parties are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of copies of Discovery Material marked "Confidential" or "Highly Confidential."

2.      Counsel for any party may designate any document or information, in whole or in part, as confidential ("Confidential Discovery Material") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is or relates to financial, proprietary, customer or client information; commercially sensitive information; a trade secret; product research, design or prototypes, development or manufacturing; intellectual property; or otherwise sensitive non-public information.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  In

such cases where the marking of each piece of Confidential Discovery Material as "CONFIDENTIAL" is impractical or impossible, the designating Party shall designate in writing the Discovery Material that it regards as containing Confidential Discovery Material at the time of its production.

3.     Discovery Material designated as Confidential Discovery Material in accordance with paragraph 2 of this Protective Order may be further designated as highly confidential ("Highly Confidential Discovery Material"), if such materials contain highly sensitive business or personal information that has not been made publicly available and the production of which the producing Party believes in good faith would create a risk of harm to personal, commercial, financial, strategic, or business interests of that Party, or create a risk that the producing Party would be put at a materially competitive disadvantage if such information were disclosed to the Party to which such information is produced.  Any Party or non-party may designate discovery material or portions thereof as Highly Confidential Discovery Material by stamping each page containing such matter with the words HIGHLY CONFIDENTIAL.  Unless otherwise ordered by this Court, Highly Confidential Discovery Material shall be maintained in confidence solely for use in connection with this Lawsuit and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except those detailed in Paragraph 5(b)–(j).

4.     At any time, a Party may object to a Confidential or Highly Confidential designation in whole or in part, by communicating the objection in writing to the Party that has designated such material as Confidential or Highly Confidential (the "Designating Party"), and stating the reasons for the objection.  Within fourteen (14) days after receiving an objection, the Designating Party shall respond in writing to the objecting Party, either withdrawing the

designation or providing the reasons why the designation will not be withdrawn.  If the objecting

Party is not satisfied with the response, it may then move before the Court for an Order that the

Confidential designation be removed.  The Designating Party shall bear the burden of

establishing the confidentiality of the material at issue.  The discovery material shall continue to

be treated as Confidential or Highly Confidential, as designated by the Designating Party, while

such a motion is pending.  Any Party may request an in-camera review of the information that is

the subject of a dispute regarding a confidentiality designation.  Nothing in this Protective Order

constitutes an admission by any party that Confidential or Highly Confidential Discovery

Material disclosed in this case is relevant or admissible.  Each party reserves the right to object to

the use or admissibility of the Confidential or Highly Confidential Discovery Material.

5.      All documents designated as "CONFIDENTIAL" shall not be disclosed to

any person, except:

    a.      The Parties, including directors, officers, and employees of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b.      Counsel, including in-house counsel, and employees and service vendors of such counsel assigned to and necessary to assist in this action;

    c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that any report created by such expert or consultant relying on or incorporating Confidential or Highly Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" or "Highly Confidential" by the Party responsible for its creation;

    d.      Trial and deposition witnesses, including any person whom a Party's counsel believes in good faith will testify in this action, and his or her counsel, to the extent the Confidential or Highly Confidential Discovery Material disclosed to such person relates to the subject matter or anticipated subject matter of the witness's testimony;

e.    The original source of information reflected in Confidential or Highly Confidential Discovery Material, provided that such person is notified that such Confidential or Highly Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential or Highly Confidential Discovery Material for his or her retention, and provided further that, if such source was not the author or recipient of such Confidential or Highly Confidential Discovery Material, only the portion of such Confidential or Highly Confidential Discovery Material reflecting information provided by the source may be disclosed to the source;

f.    Any person who is identified as an author or recipient of such Confidential or Highly Confidential Discovery Material (whether by the Confidential or Highly Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential or Highly Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential or Highly Confidential Discovery Material for his or her retention;

g.    The Court (including any person having access to any Confidential or Highly Confidential Discovery Material by virtue of his or her position with the Court) and any jurors;

h.    Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution;

i.    Court reporters, videographers, virtual deposition service providers, and their respective staffs retained in connection with this action;

j.    Any other person agreed to by the Parties.

6.    Before disclosing or displaying the Confidential or Highly Confidential

Discovery Material to any person identified in paragraphs 5(c), 5(d), or 5(h), counsel must:

a.    Inform the person of the confidential nature of the information or documents;

b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any person other than those listed in paragraph 5; and

       c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A ("Agreement With Respect to Confidential or Highly Confidential Discovery Material").

      7.      In the case of depositions, counsel for any Party may designate as "Confidential" or "Highly Confidential" any portion of a deposition transcript, including any rough draft transcript, deemed to contain Confidential or Highly Confidential Discovery Material. The designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential or Highly Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony. The court reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated Confidential or Highly Confidential. Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Confidential or Highly Confidential Discovery Material. Thereafter, only those portions of the transcripts designated as "Confidential" or "Highly Confidential" shall be deemed Confidential or Highly Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Discovery Material previously designated as "Confidential" or "Highly Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

      8.      In the case of Discovery Material produced by a non-party to this case, a Party's counsel shall notify all Counsel of Record in writing within twenty days after receipt of the specific Discovery Material what portions such Party has designated to be Confidential or Highly Confidential Discovery Material.

9.      Nothing contained in this Protective Order shall prevent a Party from using Discovery Material designated as Confidential or Highly Confidential Discovery Material, or from referring to or reciting any information contained in such Materials, in proceedings before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with the Court, or at any hearing, conference or trial before the Court.  However, all materials designated as Confidential or Highly Confidential Discovery Material filed with the Court, and any pleading, motion paper, affidavit, deposition transcript, brief, memorandum or other papers filed with the Court disclosing such material, shall be identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL, filed under seal and kept under seal until further order of the Court.  In the event of a filing under seal, the Parties should publicly file a redacted version of the submission to the extent practicable.  All filings under seal pursuant to this paragraph are subject to and are to be done in accordance with the Court's Individual Rules and Practices in Civil Cases, Section 5.

10.     The Parties agree that they may request that the Court seal the courtroom in any situation in which a party intends to use or elicit evidence, argument or testimony concerning Confidential or Highly Confidential Discovery Material at trial or in open court on any occasion in a manner that will disclose such material.

11.     Confidential and Highly Confidential Discovery Material may be disclosed to an expert or consultant only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist Counsel of Record in the prosecution or defense of this Lawsuit, provided that such expert or consultant is using said Confidential or Highly Confidential Discovery Material solely in connection with this Lawsuit; and further provided that before such disclosure, (1) the Receiving Party shall provide the producing Party

with the identity of any such proposed outside expert or consultant, after which the producing

Party will have three business days to object to such disclosure, and (2) the outside expert or

consultant has signed a non-disclosure agreement in the form attached hereto as Exhibit A, a

copy of which shall be provided to counsel for the producing Party at the time of disclosure, and

to such other persons as counsel for the producing Party agrees in advance or as Ordered by the

Court.  If counsel for a producing Party objects to disclosure of material produced and marked as

CONFIDENTIAL or HIGHLY CONFIDENTIAL to an expert or consultant, the following

procedure shall apply:

> (a) Counsel for the producing Party shall serve the receiving Party a written
> objection to the disclosure within (3) business days after the receiving Party
> has identified the proposed outside expert or consultant, which shall state the
> grounds for objection.  Counsel for the receiving Party shall respond in
> writing to such objection within (3) business days and state with particularity
> the grounds for asserting that disclosure to the proposed outside expert or
> consultant is appropriate.  If no timely written response is made to the
> objection, the objection will stand and disclosure shall not be made to the
> specified outside expert or consultant.  If the producing Party makes a timely
> response to such objection, counsel shall then confer in good faith in an effort
> to resolve the dispute.

> (b) If a dispute as to the disclosure to a proposed outside expert or consultant
> cannot be resolved, the party objecting to the disclosure shall present the
> dispute to the Court.  Material produced and marked as CONFIDENTIAL or

HIGHLY CONFIDENTIAL may not be disclosed to the proposed outside

expert or consultant pending resolution of the dispute.

12.     This Order shall not preclude counsel for any Party from using during any

deposition in this action any document or testimony which has been designated as Confidential

or Highly Confidential Discovery Material.  Any non-party deposition witness who is given

access to Confidential or Highly Confidential Discovery Material shall, prior thereto, be

provided with a copy of this Order and shall execute the Agreement With Respect to

Confidential or Highly Confidential Discovery Material.  Counsel for the Party obtaining the

deposition witness's Agreement With Respect to Confidential or Highly Confidential Discovery

Material shall supply a copy to counsel for the other Party.  In the event that, upon being

presented with a copy of the Order, a witness refuses to execute the Agreement With Respect to

Confidential or Highly Confidential Discovery Material, the Court may, upon application, enter

an order directing the witness's compliance with this Order.

13.     The disclosure of a document or information without designating it as

"Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate

such document or information as Confidential or Highly Confidential Discovery Material.  If so

designated, the document or information shall thenceforth be treated as Confidential or Highly

Confidential Discovery Material subject to all the terms of this Order.

14.     If a Party learns that, by inadvertence or otherwise, it has disclosed

Confidential or Highly Confidential Discovery Material to any person or in any circumstance not

authorized under this Order, the Party must immediately (i) notify in writing the producing party

of the unauthorized disclosures, (ii) use best efforts to retrieve all copies of the Confidential or

Highly Confidential Discovery Material, (iii) inform the person or persons to whom

unauthorized disclosure was made of all of the terms of this Order, and (iv) request that such person or persons execute the Agreement With Respect to Confidential or Highly Confidential Discovery Material attached as Exhibit A hereto.

15.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft), exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

16.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically-stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work product protection, the producing party shall follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Any Party opposing a producing party's assertion of attorney-client privilege, any other applicable privilege, and/or entitlement to work product protection shall not assert as a ground for opposing such an assertion

that the producing Party waived any privilege or protection because of inadvertent production in this action.

17.     This Order has no effect upon, and shall not apply to, a Party's use of its own Confidential or Highly Confidential Discovery Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that: (i) was, is or becomes public knowledge, not in breach of this Order; (ii) is acquired by the Party independent of discovery in this action; or (iii) is required by law or court order to be made available to third parties.

18.     At the conclusion of litigation, Confidential or Highly Confidential Discovery Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected pursuant to this Order.

19.     Except as provided herein, nothing in this Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential or Highly Confidential Discovery Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt such material from disclosure.

20.     If a Party is called upon to produce Confidential or Highly Confidential Discovery Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving Party from which the Confidential or Highly Confidential Discovery Material is sought shall (a) give written notice by email to the counsel for the designating Party within five (5) business days of receipt of such order,

subpoena, or direction, and (b) give the designating Party five (5) business days to object to the production of such Confidential or Highly Confidential Discovery Material, if the designating Party so desires.  Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Party to this Stipulation and Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

21.     This Stipulation and Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

*[Signature page follows]*

SO STIPULATED AND AGREED

Dated: August 11, 2023

**YANKWITT LLP**
*Attorneys for Defendants*

By: /s/ Ross E. Morrison
    Ross E. Morrison
    Connor A. Hilbie
    140 Grand Street, Suite 705
    White Plains, New York 10601
    (914) 686-1500

**PETER BROWN & ASSOCIATES LLP**
*Attorneys for Plaintiff*

By: /s/ Peter Brown
    Peter Brown
    pbrown@browntechlegal.com
    260 Madison Avenue, 16th Floor
    New York, New York 10016
    Telephone: 212.939.6440
    Facsimile: 646.607.2530

**LEE & LUM, LLP**
*Attorneys for Plaintiff*

By: /s/ Robert J. Lum
    Robert J. Lum
    rlum@leelumlaw.com
    1185 Avenue of the Americas
    3rd Floor
    New York, New York 10036
    Telephone: 212.634.7248
    Facsimile: 212.634.7246

SO ORDERED:

Hon. Jessica G. L. Clarke
United States District Judge

Dated: August 14, 2023
    New York, New York

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND BASRI,

              Plaintiff,

    -against-

  RICHARD GORDON and AIR99 LLC,

              Defendants.

23 Civ. 1170 (JGLC)

**AGREEMENT WITH RESPECT TO CONFIDENTIAL AND HIGHLY
CONFIDENTIAL DISCOVERY MATERIAL**

      I, _____, state that:

      1.     My present employer is _____ and my present occupation is _____.

      2.     I have received a copy of the Stipulation and Protective Order entered in the above-captioned action.

      3.     I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," are confidential by Order of the Court.

      4.     I hereby agree that I will not disclose any information contained in such documents to any other person, except as permitted under the Stipulation and Protective Order entered in the above-captioned action.  I further agree not to use any such information for any purpose other than this litigation.

5.      To the extent that I receive Confidential or Highly Confidential Discovery Material from a Party to this action or their counsel, I will destroy such information or return it to the Party or counsel from whom I received it pursuant to paragraph 18 of the Stipulation and Protective Order.

6.      I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of this Agreement with Respect to Confidential or Highly Confidential Discovery Material.

Signature:      _____

Date:      _____