UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAYMOND BASRI,

Plaintiff,

-against-                                                    23-cv-1170 (LAK)

RICHARD GORDON and AIR99 LLC,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/6/2026__

## MEMORANDUM AND ORDER DENYING
## DEFENDANTS' MOTION *IN LIMINE*

LEWIS A. KAPLAN, *District Judge.*

In advance of trial in this action, defendants Richard Gordon and Air99 LLC seek to preclude plaintiff Raymond Basri from offering certain evidence that they assert is barred by either the law-of-the-case doctrine or the rules of evidence. Specifically, defendants seek to preclude Basri from (1) "arguing that he allegedly designed or invented the respiratory mask (the 'Airgami mask')[] at issue in this case,"[1] (2) "arguing that the measure of damages, if any, that he can recover can be based on the alleged hours that he worked for Air99 multiplied by some hourly rate,"[2] and (3) offering evidence "that he is a volunteer firefighter who responded to the World Trade

---

[1]    Defs.' Mem. Law (Dkt 102) at 1.

[2]    *Id.*

2

Center attacks on September 11, 2001, and also responded to the January 15, 2009 'Miracle on the Hudson' incident."[3]  The Court addresses each point in turn.

### Discussion

Defendants first argue that the law-of-the-case doctrine precludes Basri from arguing that he helped design and invent the Airgami mask.

The law of the case is "an amorphous concept, . . . most commonly defined" as meaning "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[4]  The doctrine "directs a court's discretion, it does not limit the tribunal's power."[5]  It thus is distinct from issue preclusion despite drawing support from many of the same prudential factors.[6]

The Court, however, need not define with precision the contours of the doctrine because, contrary to defendants' contention, it never previously decided that Basri neither helped to design nor to invent the Airgami mask.  The Court, as defendants note, stated in deciding a summary judgment motion that the evidence there before it showed that Basri "only *tested* masks,"

---

[3]  *Id.* at 12.

[4]  *Pepper v. United States*, 562 U.S. 476, 506 (2011) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[5]  *Pepper*, 562 U.S. at 506 (quoting *Arizona v. California*, 460 U.S. at 618).

[6]  *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144 148 (2d Cir. 1999); *see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 113 & n.3 (2d Cir. 2008).

instead of "*designed* and *constructed* masks."[7]  But the context in which the Court so stated shows that defendants read too much into the words here.  In ruling on the summary judgment motion, the Court merely observed that Gordon, having named himself as the sole inventor on the patent application, could not have committed fraud primarily because there could not have been reliance by Basri on such a statement.  The Court did not go so far as to rule that Gordon's statement, as a matter of law, was true or, as defendants claim, that Gordon solely was "responsible for the design and invention of all of the unique features of the Airgami mask."[8]  Indeed, it would have been unnecessary and excessive for the Court to have issued such a broad ruling considering that Basri's fraud claim – which the Court rejected in any case as duplicative of his breach-of-oral-partnership claim – was based on Gordon's alleged false promises regarding Basri's partnership stake in their venture.[9]  Because the law of the case – no matter how that doctrine is construed – did not address whether Basri helped to design or invent the Airgami mask, Basri may advance such arguments as part of his quantum meruit claim.

Defendants next argue that the law-of-the-case doctrine precludes Basri from introducing evidence of his hourly rates as a medical advisor and from arguing that those rates should inform the measure of damages that he could recover on his quantum meruit claim.  In defendants' view, the law of the case requires that Basri's "damages, if any, for the remaining quantum meruit and unjust enrichment claims" be based not on his "purported hourly fees, but rather

---

[7]     Summ. J. Op. & Order (Dkt 80) at 28.

[8]     Defs.' Mem. Law (Dkt 102) at 9.

[9]     *See* Compl. (Dkt 8) ¶¶ 89-91, 102-06; Pl.'s Opp'n Summ. J. (Dkt 63) at 20-21.

4

. . . on the relative value, if any, of the services [he] purportedly provided to Air99."[10] Defendants are correct that the Court previously held that the undisputed evidence established that Basri "did not expect compensation in the form of fees for his contributions to the project."[11] But defendants again read too much into the Court's ruling. An expectation of compensation for one's services and the reasonable value of those services are distinct elements of a quantum meruit claim.[12] And the Court held that Basri's quantum meruit claim survived summary judgment in part because the evidence showed that he "expected *some* form of compensation for his work."[13] It thus remains a question of fact for the jury to determine what would constitute reasonable compensation here.[14] In determining the reasonable value of Basri's services, to the extent he rendered any, the jury is entitled to consider, among other factors, his hourly rates and the time he spent working on the mask.[15] If such evidence were introduced, defendants then would be free to argue that his services were not reasonably worth his standard hourly rates. Defendants, however, may not preclude him from introducing evidence appropriately considered in determining the reasonable value of his services.

---

[10] Defs.' Mem. Law (Dkt 102) at 11.

[11] Summ. J. Op. & Order (Dkt 80) at 24.

[12] *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

[13] Summ. J. Op. & Order (Dkt 80) at 24.

[14] *See id.* at 24-25 ("Accordingly, an issue of fact remains as to whether Plaintiff received a 'reasonable value' for his contributions.").

[15] *See Carlino v. Kaplan*, 139 F. Supp. 2d 563, 565 (S.D.N.Y. 2001).

5

Finally, defendants argue that Basri's experience as a volunteer firefighter responding to the September 11, 2001 attacks and the "Miracle on the Hudson" is irrelevant under Federal Rule of Evidence 401 and in any event would be unduly prejudicial under Federal Rule of Evidence 403. To whatever extent such testimony would be relevant, Basri could be free to adduce it.[16] Any unfair appeals to sympathy or prejudice would not be allowed. Where that line may be drawn is more appropriately decided at trial.

### *Conclusion*

For the foregoing reasons, defendants' motion *in limine* (Dkt 101) is denied in all respects.

SO ORDERED.

Dated:        May 6, 2026

Lewis A. Kaplan
United States District Judge

---

[16]     *See United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988).